UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CHINA PACIFIC PROPERTY<br>INSURANCE COMPANY, LTD., and<br>CUNNINGHAM LINDSEY, U.S., INC.,<br>doing business as GAB Robins, a division of<br>Cunningham Lindsey,<br><br>Defendants. | Case No.:<br>Judge:<br>Magistrate:<br><br><br>Removed From:<br>Berrien County Circuit Court<br>Case No. 11-0282-CK-D |

## NOTICE OF REMOVAL

NOW COMES, Defendant CHINA PACIFIC PROPERTY INSURANCE COMPANY, LTD. ("CPIC") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and hereby removes the action entitled *Whirlpool Corporation v. China Pacific Property Insurance Company, Ltd., and Cunningham Lindsey, U.S., Inc. doing business as GAB Robins, a division of Cunningham Lindsey*, from the Circuit Cour for the County of Berrien, State of Michigan, to the United States District Court for the Western District of Michigan. In support of its Notice of Removal, CPIC states as follows:

### BACKGROUND

On September 12, 2011, Whirlpool Corporation ("Plaintiff") filed a civil action in the Berrien County Circuit Court, State of Michigan, captioned *Whirlpool Corporation v. China Pacific Property Insurance Company, Ltd., and Cunningham Lindsey, U.S., Inc. doing business as GAB Robins, a division of Cunningham Lindsey*, bearing Docket Number 11-0282-CK-D ("State Court Action"). See State Court Complaint, attached hereto as Exhibit A.

1381429.1

Upon information and belief, Plaintiff served its Summons and Complaint on Defendant Cunningham Lindsey, U.S., Inc., doing business as GAB Robins, a division of Cunningham Lindsey, ("GAB Robins") through GAB Robins' registered agent. Plaintiff additionally attempted to serve CPIC through GAB Robins by serving Plaintiff's Summons and Complaint on GAB Robins. Neither GAB Robins nor Cunningham Lindsey, U.S., Inc. is a registered agent authorized to accept legal service of process for CPIC. See Affidavit of China Pacific Property Insurance Company, Ltd., attached hereto as Exhibit B. In spite of Plaintiff's improper service on CPIC, CPIC received a copy of Plaintiff's Complaint on September 27, 2011.[1] See Exhibit B.

Plaintiff's claims against CPIC arise from CPIC's alleged failure to defend and indemnify Plaintiff in connection with an underlying and ongoing product liability action pending in the United States District Court for the Northern District of Texas, entitled *Brenda Munoz, et al. v. Whirlpool Corporation*, Case No.: 7:09-cv-00096 ("Munoz Litigation").

Pursuant to 28 U.S.C. §1332, this Court has original jurisdiction over the State Court Action because: (1) there is complete diversity of citizenship between Defendants, CPIC and GAB Robins; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, the State Court Action may properly be removed to this Court under 28 U.S.C. §§1332 and 1441.

In accordance with federal statute, removal to the Western District of Michigan is proper, as this district is the federal district embracing the place where the State Court Action is pending, the Circuit Court for the County of Berrien, State of Michigan.

---

[1] CPIC does not waive Plaintiff's defective service of process.

2

1381429.1

## DIVERSITY OF CITIZENSHIP

This action involves a controversy between a citizen of Michigan and two foreign corporations. Plaintiff is a corporation organized and existing under the laws of Delaware, with its principal place of business maintained in Benton Harbor, Michigan. See Exhibit A, Complaint, Paragraph One. CPIC is a foreign corporation organized under the laws of the People's Republic of China and maintaining its principal place of business in the People's Republic of China. See Exhibit B. Accordingly, CPIC is a citizen of China, in accordance with 28 U.S.C. §1332(c). GAB Robins is additionally a foreign corporation, organized and existing under the laws of Texas. GAB Robins is therefore a citizen of Texas pursuant to 28 U.S.C. §1332(c). Complete diversity of citizenship exists between the parties.

## AMOUNT IN CONTROVERSY

Plaintiff's Complaint pleads damages in excess of $25,000.00, exclusive of interest and costs. See Exhibit A, Paragraph 4. CPIC, in good faith, alleges the amount in controversy exceeds the statutory minimum value of $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff seeks damages in the amount to be proved at trial, an award of attorney fees, costs, and interest which Plaintiff has incurred through its defense of the Munoz Litigation, and punitive damages. See Exhibit A, Paragraphs 42, 49, 54, 62. Plaintiff alleges in its Complaint that to date, Plaintiff has incurred expenses and costs exceeding $25,000.00 in defending the Munoz Litigation. See Exhibit A, Paragraph 62. The Munoz Litigation has not been fully adjudicated and remains ongoing. According to Plaintiff's Complaint, Plaintiff continues to incur ongoing expenses and costs in connection with the Munoz Litigation. See Exhibit A, Paragraph 61. CPIC's belief that Plaintiff will seek an amount in excess of $75,000.00 is plausible and supported by the nature of the complaint, nature of alleged injuries, alleged

3

1381429.1

incident giving rise to said injuries, damages alleged in the underlying Munoz Litigation, and the fact that Plaintiff has pleaded it will continue to incur damages moving forward.

## TIMELINESS OF NOTICE OF REMOVAL

CPIC obtained a copy of Plaintiff Complaint on September 27, 2011. See Exhibit B. This Notice of Removal is filed within the statutorily prescribed thirty (30) day period from the date of receipt of Plaintiff's Complaint. 28 U.S.C. §1446(b).

## REMOVAL IS PROPER

Pursuant to 28 U.S.C. §1446(a), CPIC attaches hereto a copy of Plaintiff's Complaint, previously designated herein as Exhibit A, which CPIC received after Plaintiff's Complaint was improperly served on GAB Robins. Filed with this Notice of Removal is Plaintiff's Complaint, previously designated herein as Exhibit A.

Written notice of the filing of this Notice of Removal is contemporaneously being provided to all parties of record and filed with the Clerk for the Circuit Court of Berrien County, State of Michigan, in compliance with 28 U.S.C. §1446(d). A copy of CPIC's Notice of Filing Notice of Removal in the State Court, without exhibits, is attached hereto as Exhibit C.

## RESERVATION OF RIGHTS

CPIC hereby expressly reserves its right to object to personal jurisdiction and service of process. Pursuant to well-established federal authority, CPIC's Notice of Removal shall not be construed as a waiver of personal jurisdiction or service of process.

**WHEREFORE**, Defendant CHINA PACIFIC PROPERTY INSURANCE COMPANY, LTD. prays that this matter be removed to the United States District Court for the Western District of Michigan, from the Circuit Court for the County of Berrien, State of Michigan pursuant to 28 U.S.C. §§1332, 1441, and 1446.

1381429.1

                                                    Respectfully submitted,

                                                    KREIS, ENDERLE,
                                                    HUDGINS & BORSOS, P.C.

Dated:  October 27, 2011                 /s/ Sean P. Fitzgerald
                                                    Sean P. Fitzgerald
                                                    Appearing Specially for China Pacific Property Insurance Company, LTD

1381429.1