

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN

WHIRLPOOL CORPORATION,

        Plaintiff,

v.

CHINA PACIFIC PROPERTY INSURANCE
COMPANY, LTD., and CUNNINGHAM
LINDSEY, U.S., INC., doing business as GAB
Robins, a division of Cunningham Lindsey,

        Defendants.

Case No. _____11~0272·CK·D_____

Hon. _____JOHN E. DEWANE_____

**COMPLAINT AND JURY DEMAND**

DUPLICATE ORIGINAL

## COMPLAINT

        Plaintiff, Whirlpool Corporation ("Whirlpool"), through Warner Norcross & Judd

LLP, states its Complaint against Defendant China Pacific Property Insurance Company, Ltd.

("China Pacific") and Cunningham Lindsey U.S., Inc., doing business as "GAB Robins, a

division of Cunningham Lindsey" ("GAB"), as follows:

### PARTIES

        1.      Whirlpool is a Delaware corporation with its principal place of business located in

Benton Harbor, Michigan.

        2.      China Pacific is a foreign insurance company organized under the laws of the

People's Republic of China, with its principal place of business located in the city of Shanghai in

the People's Republic of China.

3.      Upon information and belief, GAB is a Texas corporation with a registered agent at 712 Abbott Road, East Lansing, MI 48823, and is China Pacific's loss adjuster and agent, and is doing business as "GAB Robins - a division of Cunningham Lindsey."

4.      The amount in controversy in this action exceeds $25,000, exclusive of interest and costs.

5.      Venue is proper in this court as the insurance coverage at issue in this matter was extended by China Pacific to Whirlpool, an insured located in Berrien County, Michigan.

## GENERAL ALLEGATIONS

6.      Whirlpool incorporates by reference the allegations in Paragraphs 1-5.

7.      On or about June 22, 2009, Whirlpool was sued in the United States District Court for the Northern District of Texas in the case entitled *Brenda Munoz, et al. v. Whirlpool Corporation*, Case No. 7:09-cv-00096 (the "Munoz Litigation").

8.      The Munoz Litigation sought recovery on behalf of several plaintiffs (the "Munoz Plaintiffs") against Whirlpool, arising out of a fatal fire which occurred on or about December 7, 2007 at a home located in Wilbarger County, Texas (the "Fire").

9.      The Munoz Plaintiffs asserted that the Fire originated in an air conditioner designed, manufactured and/or marketed by Whirlpool.

10.     On or about May 14, 2010, Whirlpool learned that the basis of Munoz Plaintiffs' claims against Whirlpool was an alleged defect in the air conditioner's power cord.

11.     The air conditioner's allegedly defective power cord was supplied to Whirlpool by Chau Electrical Company Limited and/or Chau Electrical International, Inc. (collectively "Chau").

2

12.     Chau is the named insured on several liability insurance policies issued by China

Pacific:

- ASHZ20207106B000031W; with a Period of Insurance of January 1, 2007 through

   December 31, 2007;

- ASHZ01607108Q000001B; with a Period of Insurance of January 1, 2008 through

   December 31, 2008;

- ASHZ01607109Q000001A; with a Period of Insurance of January 1, 2009 through

   December 31, 2009;

- ASHZ01607109Q000001A; with a Period of Insurance of January 1, 2010 through

   December 31, 2010

(collectively, the "Policies").

13.     Whirlpool is an additional insured under each of the Policies.

14.     China Pacific issued Certificates of Insurance listing Whirlpool as an additional

insured under each of the Policies (Certificates of Insurance, attached as **Exhibit A**).

15.     The Policies provide insurance coverage for the insureds' legal liability for bodily

injury and/or property damage to third parties arising out of or in connection with Chau's

products insured under the Policies.

16.     Chau's power supply cords, including the allegedly defective power cord at issue

in the Munoz Litigation, are insured under the Policies.

17.     As an additional insured, Whirlpool is entitled to insurance coverage from China

Pacific under the Policies for third-party claims against Whirlpool for bodily injury and/or

property damage arising out of, or in connection with, Chau's products insured under the

Policies.

3

18.     Whirlpool tendered the Munoz Litigation to China Pacific through letters dated June 30, 2010 from its counsel sent both directly to China Pacific, and to China Pacific's American Loss Adjuster, GAB, requesting defense and indemnity coverage.

19.     China Pacific responded to Whirlpool's tender of the Munoz Litigation through correspondence from GAB dated September 20, 2010.

20.     The September 20, 2010 correspondence from GAB did not acknowledge a duty to defend and indemnify Whirlpool, but instead requested additional information.

21.     The additional information requested by GAB in the September 20, 2010 correspondence was provided by Whirlpool through correspondence dated September 24, 2010.

22.     On November 10, 2010, Whirlpool's counsel again wrote to GAB, demanding that China Pacific provide a defense to Whirlpool in the Munoz Litigation and agree to indemnify Whirlpool in that action.

23.     GAB and China Pacific failed to respond to this request until December 7, 2010, when GAB sent correspondence to Whirlpool stating that China Pacific would provide a defense for Whirlpool, subject to and in accord with all of the terms and conditions of policy number ASHZ 01607108 Q000001B effective January 1, 2008 to December 31, 2008.

24.     GAB is expressly identified as the loss adjuster in policy number ASHZ 01607108 Q000001B effective January 1, 2008 to December 31, 2008 (the "2008 Policy," attached as **Exhibit B**).

25.     On January 4, 2011, Whirlpool's counsel responded to GAB/China Pacific's December 7, 2010 correspondence, acknowledging that China Pacific will be fully defending Whirlpool and requesting that China Pacific take steps to provide the promised defense. Whirlpool followed up on its requests in the January 4, 2011 correspondence multiple times,

4

sending correspondence to GAB on January 31, 2011, February 9, 2011, February 17, 2011, February 18, 2011, and February 24, 2011.

26.     On February 28, 2011, GAB once again responded to Whirlpool to again advise Whirlpool that China Pacific would provide a defense to Whirlpool, subject to and in accord with all of the terms and conditions of the 2008 Policy, but did not indicate how China Pacific would be providing such a defense.

27.     On March 8, 2011, Whirlpool sent a letter to GAB/China Pacific requesting that China Pacific approve retainer of the firms that had been representing Whirlpool in the Munoz Litigation while awaiting China Pacific's coverage determination: the Nelson Mullins law firm and the Sedgwick, Detert firm as local counsel.

28.     GAB responded to the March 8, 2011 correspondence in correspondence dated April 5, 2011, indicating that Nelson Mullins and Sedgwick, Detert were approved as counsel for Whirlpool in the Munoz Litigation, and further requested invoicing, a litigation plan report, and file documents from those law firms.

29.     Whirlpool's counsel sent a retainer agreement to GAB and China Pacific for signature.  In the following months, Whirlpool contacted GAB and China Pacific multiple times, requesting that China Pacific sign the retainer agreement.

30.     On June 20, 2011, GAB informed Whirlpool that the retainer agreement was "under review," and requested wire transfer instructions for payment of outstanding legal fees. No retainer agreement has been signed, and no legal fees have actually been paid.

31.     In the following months, Whirlpool repeatedly requested, through GAB, that China Pacific defend Whirlpool as agreed.

5

32.     After providing repeated and continuing assurances for months that China Pacific would defend Whirlpool in the Munoz Litigation, GAB has rescinded its prior representations through correspondence dated August 19, 2011, stating now that China Pacific will negotiate with Whirlpool about defense fees and expenses incurred when the Munoz lawsuit finishes.

33.     As of the date of filing this Complaint, China Pacific has not satisfied any of its contractual obligations to Whirlpool.

34.     The 2008 Policy states that the "Company shall in addition indemnify the insured against the relevant legal costs payable by the Insured..." (Ex. B, p. 4).

35.     In the course of the defense of the Munoz Litigation, significant legal expenses have become payable by Whirlpool, which is an Insured under the 2008 Policy.

36.     Despite repeated requests, China Pacific has not indemnified Whirlpool against those relevant legal expenses.

37.     China Pacific has not offered any basis for its failure to defend Whirlpool in the Munoz Litigation.  Likewise, GAB has not offered any reason why, after repeatedly assuring Whirlpool since last December that China Pacific would defend Whirlpool in the Munoz Litigation, China Pacific is abandoning its contractual obligations to Whirlpool.

### COUNT ONE – DECLARATORY JUDGMENT
(China Pacific)

38.     Whirlpool incorporates by reference the allegations in Paragraphs 1-37.

39.     The Policies are valid and enforceable contracts of insurance.

40.     Pursuant to the Policies, China Pacific is required to defend and indemnify Whirlpool in connection with the Munoz Litigation.

41.     Despite repeated statements that China Pacific would defend Whirlpool, China Pacific has not taken any steps to defend Whirlpool in connection with the Munoz Litigation.

6

42.     These facts present an actual controversy as to the rights and obligations of the parties under the Policies.

WHEREFORE, Whirlpool respectfully requests the following relief:

A.     A declaration that China Pacific is required to defend and indemnify Whirlpool in connection with the Munoz Litigation;

B.     An award of costs, interest, and attorney fees; and

C.     Any other relief the Court finds just and equitable.

## COUNT TWO – BREACH OF CONTRACT
(China Pacific)

43.     Whirlpool incorporates by reference the allegations in Paragraphs 1-42.

44.     The Policies are valid and enforceable contracts of insurance.

45.     Pursuant to the Policies, particularly the 2008 Policy cited by GAB, China Pacific is required to defend and indemnify Whirlpool in connection with the Munoz Litigation.

46.     Upon the tender of the Munoz Litigation to China Pacific on June 20, 2010, China Pacific became obligated to pay for all costs and fees incurred by Whirlpool after June 20, 2010 in the defense of the Munoz Litigation.

47.     China Pacific has not paid any costs or fees in connection with the defense of Whirlpool in the Munoz Litigation, despite repeatedly assuring Whirlpool through its agent GAB that it would pay for such costs and fees.

48.     Because of China Pacific's failure to provide a defense to Whirlpool in connection with the Munoz Litigation, Whirlpool has incurred, and continues to incur, substantial costs and fees in defense of that action.

49.     China Pacific's actions have breached the Policies and have caused damages to Whirlpool.

7

WHEREFORE, Whirlpool respectfully requests the following relief:

A.    Damages in an amount to be proved at trial;

B.    An award of costs, interest, and attorney fees; and

C.    Any other relief the Court finds just and equitable.

## COUNT THREE – BAD FAITH REFUSAL TO TIMELY PAY INSURANCE BENEFITS
### (China Pacific)

50.    Whirlpool incorporates by reference the allegations in Paragraphs 1-49.

51.    China Pacific was obligated to accept coverage for Whirlpool in connection with the Munoz Litigation in a timely manner after tender.

52.    Despite receiving the tender of the Munoz Litigation in June 2010, China Pacific has not taken any action to fulfill its obligations to Whirlpool in the ongoing Munoz Litigation, despite repeated assurances through its agent, GAB, that it would do so.

53.    There is no reasonable basis for China Pacific's failure to defend Whirlpool in connection with the Munoz Litigation.

54.    China Pacific's failure to defend Whirlpool, or pay defense costs in a timely manner constitutes bad faith, and has caused damage to Whirlpool.

WHEREFORE, Whirlpool respectfully requests the following relief:

A.    All statutory and common law remedies, including penalty interest, available under applicable law for China Pacific's failure and/or refusal to provide defense and indemnity obligations for Whirlpool under the Policies in connection with the Munoz Litigation;

B.    An award of costs, interest, and attorney fees;

C.    Punitive damages; and

D.    Any other relief the Court finds just and equitable.

8

## COUNT FOUR – NEGLIGENT MISREPRESENTATION
### (GAB)

55. Whirlpool incorporates by reference the allegations in Paragraphs 1-54.

56. Defendant GAB is expressly identified as China Pacific's agent and loss adjuster in the 2008 Policy, and owes a duty to Whirlpool pursuant to that Policy to provide accurate information in connection with the claim arising out of the Munoz Litigation.

57. After Whirlpool tendered its defense to China Pacific through GAB on June 30, 2010, Defendant GAB made multiple negligent misrepresentations to Whirlpool in the following months.

58. GAB repeatedly and negligently represented to Whirlpool that China Pacific would defend Whirlpool under the 2008 Policy.

59. Based upon information and belief, GAB did not exercise reasonable care in making those representations related to defense and representation in the Munoz Litigation.

60. China Pacific has completely failed to perform any of its obligations under the policy and, contrary to the representations of GAB, has not defended Whirlpool in the Munoz Litigation, or retained any law firm to represent Whirlpool in that case, and has now apparently repudiated its obligations.

61. Whirlpool relied on the representations that China Pacific would defend Whirlpool in the Munoz Litigation, and continued to incur legal expenses defending the Munoz Litigation in reliance on the promised defense.

62. As a result, Whirlpool has suffered damages in an amount exceeding $25,000, and continues to suffer ongoing expenses and costs in defending the Munoz Litigation and attempting to secure performance of the contractual obligations from China Pacific under the Policies.

9

WHEREFORE, Whirlpool respectfully requests the following relief:

A.      Damages in an amount to be proved at trial;

B.      An award of costs, interest, and attorney fees; and

C.      Any other relief the Court finds just and equitable.

### JURY DEMAND

Whirlpool demands trial by jury on all issues.


Dated:  September 12, 2011            By _____

                                        J.A. Cragwall, Jr. (P25425)
                                        Jason L. Byrne (P69148)
                                        WARNER NORCROSS & JUDD LLP
                                        900 Fifth Third Center
                                        111 Lyon Street, N.W.
                                        Grand Rapids, Michigan 49503
                                        Telephone:  (616) 752-2000
                                        Attorneys for Plaintiff, Whirlpool Corporation

4972126